Staples, J.,
delivered the opinion of the court.
' The court is of opinion, that the order of *277 the county court entered at the August term, 1874, directing the plat and certificate of survey presented by the appellant Spencer F. Nowlin, to be recorded, is plainly right. The bill of exceptions show that the appellee William A. Burwell was the claimant of the legal title to the tract of three hundred and seventy-two acres — the subject of controversy — but it does not show that he was the owner of said land, or that he was the heir or assignee of such owner, or that he had . a right to charge such land with the payment of a debt. The judgment of the circuit court reversing the said order of the county court, was based upon the ground that evidence should have been admitted by the latter court to show' that the said William A. Burwell was the owner of the land in question, or an .heir or assignee of such owner.
The bill of exceptions does not show that the said ''Burwell offered any such evidence. It does not appear that the county court refused to hear it. No complaint was made of such alleged refusal. The petition for an appeal or writ of error proceeded solely upon the assumption that no deed having been made to the purchaser wdthin two years from the date of sale, the said Burwell. as the mere claimant of the legal title, had the right to redeem the land by paying the taxes in arrear and legal charges thereon; that he had made a proper tender, which being refused, he had thereupon paid to the clerk a sufficient amount to effect a redemption; and that the court erred in permitting the recordation of the plat and certificate after proof of these facts. This is the only error complained of, and the only one that could arise on the bill of exceptions. It is apparent therefore that the circuit court reversed the judgment of the county court, which was plainly right in the case as presented to that court, upon grounds of error which were not assigned as such, and which were not presented in any form by the record.
The court is further of opinion, that the judgment of the county court entered at the October term. 1875, rescinding the previous order admitting said plat and certificate to record, is erroneous. The circuit court in its judgment of reversal just alluded to, had remanded the cause, with instructions, “that if on the hearing of the same, the appellee Burwell is showm to be the former owner of the land, or his heirs or assignee, the county court should set aside the order made at the August term, 1874, and allow appellant’s claim. When the cause came on to be tried in the county court at the October term, 1875, the appellant, Burwell, produced in evidence regular deeds of conveyance by which he connected himself with one Thomas H. *Bayles. Bayles had conveyed the land professionally as agent and attorney in fact of Lucinda A. Barker, in whose name the land was assessed and sold as delinquent. But no deed or power of attorney was produced establishing such agency; nor is it pretended that any evidence was adduced showing that Bayles had the shadow of claim or interest in the land. or authority to sell and convey it. And yet the county court admitted said deeds ’ as proof of title in Burwell, and rescinded its previous order for the recordation of the plat and certificate; and upon appeal this judgment was affirmed by the circuit court. And thus it is upon a proceeding of the most summary character, in the absence of an essential link in his chain of title, Bur-well is adjudged to be the owner of the land, his right to redeem, and the validity of his redemption adjudicated, and Nowlin’stitle or claim under his purchase declared to be worthless. Such certainty, is the effect of these judgments, for it is manifest that without the recordation of the plat and certificate of survey, the clerk can make no proper deed to the purchaser.
The court is further of opinion that said judgments of the county and circuit courts are erroneous upon another ground. The 18th and 19th sections of chapter 38, Code of 1873, provide that the purchaser of a tract of land in any county, sold for taxes and not redeemed within two years, shall have the quantity surveyed and laid off at his expense by the surveyor of the county. The said survey to commence on either of the lines of the tract or lot at the option of the purchaser, so as not to include the improvements on the same, if it can be avoided, and to be in one body, the length whereof shall not be more than double the breadth, where that is practicable. When the entire tract is sold, the purchaser shall have a report made *by the surveyor, showing the metes and bounds of the tract, the names of the adjoining owners, and giving such further description of the land sold as will identify the same. In either case, if the court finds the plat and certificate, or report, in conformity with the requirements of the section, it shall have the same recorded. Under the 20th section, the clerk, in making the deed to the purchaser, is required to refer to the plat and certificate, if it be of a part of the tract, or to the surveyor’s report, if it be of an entire tract.
It is obvious, from the most cursory examination of these provisions, the sole design of the enactment is to furnish record evidence of the identity of the land sold— not only for the information of the former owner and all others interested, but for the guidance of the clerk in making the deed.. It could never have been intended, in a proceeding of a character so summary, to adjudicate all the questions arising upon delinquent land sales. These questions, as our reports fully attest, are of the most complicated nature — questions as to the regularity of the proceedings under which the sale is made, and of the sale itself, whether i the taxes are due, whether the land is de- ] iirqiient, whether the person claiming the right ! to ledeem is authorized so to do, whether he has tended the proper amount — and numerous others constantly arising in this class of cases. If, when the purchaser offers the plat and cetiificate for recordation, the former owner may appear and object upon one ground affecting the right, it is obvious he *278 may do so upon any other ground which would show the purchaser has no title, either for defects and irregularities in the sale, or because the owner has exercised his right of redemption.
It is not the province of the county court to inquire *into these matters. Its sole duty is to consider whether plat and certificate, or the report of the surveyor, as the case may be, is in conformity .tp the requirements of the law in respect to the description and identity of the land. It is no concern of the court whether the sale is regular, whether the purchaser has acquired a title, or whether the owner has properly exercised his right of redemption. The proceeding is ex parte in its character, and does not in the least affect the rights of third persons. The owner of the land, or the person entitled to redeem, cannot be prejudiced by the recordation of the plat and certificate, of any judgment of the court thereon. As to him, the proceeding is res inter alios acta. The court therefore erred in permitting the appellee Burwell to be heard in opposition to the motion to record the plat and certificate, upon the grounds mentioned.
The judgment of the circuit court and of the county court, except the judgment of the August term 1874, are therefore erroneous and must be reversed and annulled. The judgment or order of the county court at the August term 1874 is affirmed, but without prejudice to the rights of the appellee Burwell to assert in any proper form his claim or title, whatever it may. be, to the land in controversy.
Judgment reversed.