# Wytheville.

## VIRGINIA BUILDING AND LOAN CO. v. GLENN AND OTHERS.

### JUNE 20, 1901.

1. DELINQUENT LANDS—*Application to Purchase—Duty of Applicant—Notice—Code, Secs. 661 and 666.*—In order to acquire title to lands purchased by the Commonwealth for delinquent taxes, the proposed purchaser must comply with all the provisions of section 666 of the Code. When he has done this and rightly gotten his deed, he comes within the protection of section 661, and no question can be raised as to the regularity of the proceedings by which the Commonwealth acquired its title, except as therein provided, but he is not entitled to the benefit of section 661 until he has complied with all the provisions of section 666. Among the provisions of section 666, as amended, to be complied with, is the duty to give notice of an intended application to purchase to persons holding liens on the land.

2. DEEDS—*Registry—Index.*—The recordation of a deed, though not indexed, is notice to subsequent purchasers. While the index is the key to the deed books, it is not essential to due registry.

Appeal from two decrees of the Law and Equity Court of the city of Richmond, pronounced April 5, 1900, and May 11, 1900, respectively, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*B. T. Crump,* for the appellant.

*W. H. Werth,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

Mary E. Buffin, wife of A. R. Buffin, was the owner of a certain parcel of real estate in the city of Richmond, conveyed to

her by T. W. Stagg and wife, by deed of August 1, 1894, duly recorded. In December, 1895, A. R. Buffin and Mary E. Buffin, his wife, conveyed the said real estate to H. A. McCurdy, in trust to secure compliance with the conditions of a bond made by A. R. Buffin for a loan to him from the Virginia Building and Loan Company, which deed was also admitted to record in the clerk's office of the Chancery Court of the city of Richmond on the 13th day of December, 1895. The property had been for several years assessed for taxation in the name of Mary E. Buffin, and she failed to pay the taxes thereon for the year 1895, and, being returned delinquent, it was in due course sold for the taxes of that year, and bought in by the Auditor of Public Accounts. On the 29th day of May, 1899, there was filed in the clerk's office of the Hustings Court for the city of Richmond, by Joseph E. Glenn, an application to purchase this property from the Commonwealth under section 666 of the Code, as amended by an act approved February 11, 1898 (Acts 1897-'8, p. 343). The application named no other parties upon whom copies of it should be served except the said Mary E. Buffin. Neither McCurdy, trustee, nor the Virginia Building and Loan Company, were notified, or had any knowledge that the taxes on the property were unpaid, and they knew nothing of the proceedings to acquire title thereto under section 666, until a statement appeared in one of the newspapers published in the city of Richmond that a deed had been recorded from the clerk of the Hustings Court conveying the property to Glenn.

In December, 1899, the Virginia Building and Loan Company filed its bill in the Law and Equity Court against A. R. Buffin and Mary E., his wife, for the purpose of enforcing the deed of trust given by them to McCurdy, and for the appointment of a receiver to rent out the property during the pendency of the proceedings. After the appointment of the receiver, Glenn filed his petition in the suit, and was made a party defendant thereto, and given leave to make defence to the bill. Whereupon the

plaintiff filed an amended bill, making its case on the new matters set out in the petition of Glenn, and praying that the deed for the property in question from Christian, clerk, to Glenn be declared of no effect as to the plaintiff, upon several grounds, but more especially because the plaintiff had no notice of the proceedings by which the deed was obtained by Glenn. Glenn answered the amended bill, and, the cause having been heard upon the pleadings, exhibits with them, the admissions in the pleadings, and a written and agreed state of facts, a decree was entered on the 5th of April, 1900, dismissing the plaintiff's bill. Whereupon, at the same term of the court, the plaintiff filed a petition for a rehearing, which was denied by decree of May 11, 1900, and from these two decrees an appeal was allowed to this court.

Section 666 of the Code, as amended, requires that the application to purchase real estate bought by the auditor for delinquent taxes due the Commonwealth shall be served, not only upon the previous owner of the real estate, but upon the trustees, mortgagees, and beneficiaries as shown by the record in any deed of trust or mortgage on said real estate, or their personal representative, provided the names of any persons may be omitted which do not appear of record in the clerk's office of the county or corporation in which the land is situated, and if it be situated in the city of Richmond, which do not appear of record in the clerk's office of the Chancery Court of said city, &c. Section 666 further provides that the terms of section 661, as to the deed from the clerk to the applicant, shall apply "to deeds made under authority of this section."

Section 661, as it stood when the deed in this case was made to appellee provided that when the purchaser of any real estate sold under the preceding sections of chapter 28, his heirs or assigns had obtained a deed therefor, and the same had been duly admitted to record, &c., the right or title to such real estate should stand vested in the grantee in such deed as it was vested

in the party assessed with the taxes or levies on account whereof
the sale was made, &c., subject to be defeated only by proof that
the taxes or levies for which said real estate was sold were not
properly chargeable thereon, or that the taxes and levies properly
chargeable thereon had been paid, &c.

As amended by act of March 7, 1900 (Acts 1899-1900, p.
1234), in force when the decrees complained of in this cause were
made, section 661 provides that when a purchaser of any real
estate sold as aforesaid (*i. e.*, under the preceding sections of
chapter 28 of the Code), *or sold in pursuance of section 666,* has
obtained a deed therefor, &c., the right or title to such estate shall
stand vested in the grantee, &c., subject to be defeated only by
proof (1) that the taxes for which said real estate was sold were
not properly chargeable thereon; or (2) that the taxes, &c.,
properly chargeable on such real estate have been paid; or (3)
*that the notice of the tax sale where made to a person other than
the Commonwealth, or notice of the application to purchase in
case the sale was made under section 666 has not been duly given;*
or (4) that the payment or redemption of the real estate has been
prevented by fraud, &c.

Appellee has made no claim whatever that he gave to appel-
lant or to McCurdy, trustee, any sort of notice of his application
under which the deed from Christian, clerk, conveying to him
the property which is the subject of litigation in this suit was
made, and there is no sort of question raised that the deed from
A. R. Buffin and Mary E., his wife, to McCurdy, trustee, of De-
cember 10, 1895, was admitted to record in the clerk's office of
the Chancery Court of the city of Richmond, December 13,
1895, and that it shows upon its face that A. R. Buffin and Mary
E. Buffin were husband and wife, and in the description of the
property conveyed recites that it is the property of Mary E.
Buffin, conveyed to her by T. W. Stagg and wife by their deed
of August 1, 1894, recorded in the clerk's office of the Chancery
Court of the city of Richmond, deed-book 152 A, p. 263. But

appellee strenuously insists that he is entitled to hold the property under his deed from Christian, clerk, because he was prevented from giving the required notice (1) by reason of the negligence and carelessness of appellant in preparing its trust deed; and (2) the deed of trust was only indexed in the general index of the clerk's office of the Chancery Court in the name of A. R. Buffin as grantor, and not in the name of Mary E. Buffin, his wife, the real owner of the property conveyed.

The negligence imputed to appellant in the preparation of its deeds of trust consists only in stating the conveyance as from "A. R. Buffin and Mary E. Buffin, his wife," instead of from "Mary E. Buffin and A. R. Buffin, her husband."

Appellee further contends that if appellant is not estopped from setting up the want of notice of the application to purchase the property in question, under section 666 of the Code, he is fully protected in his right to hold the property under his deed from Christian, clerk, by virtue of section 661 of the Code, as it stood when the deed was made and recorded. In other words, although section 666 expressly required appellee, before obtaining his deed to the property, to serve a copy of his application to purchase the same from the Commonwealth, upon appellant and its trustee, either by actual service of a copy of the applicacation, or by publication in a newspaper under certain conditions, and furthermore provided that section 661 should apply to deeds made under authority of section 666, *i. e.*, where the provisions of that section had been complied with, still, appellee is secure in his right to hold the property under his deed from Christian, clerk. To support the last proposition, appellee invokes the decision of this court in *Thomas* v. *Jones*, 94 Va. 756, and *Va. Coal Co.* v. *Thomas*, 97 Va. 527.

We deem it wholly unnecessary to consider the question whether or not section 661, as amended by the act of March 7, 1900, applies to deeds made before the amendment was adopted. The object of the law before and since that amendment was to

give to the original owner an opportunity to redeem his property, and to protect innocent parties who had property rights therein. The legislature recognized that a creditor had a right in the property on which his debt is secured, and in order to protect that right, it was enacted that the creditor should have notice of any proceedings to take away the property which he held as security. Section 661 of the Code applies only to deeds acquired by parties who purchase directly at the original tax sale, and section 666 is the section under which the title to property bought in for the Commonwealth may be acquired by an applicant to purchase the same, and which provides that the terms of section 661 shall apply "to deeds made under authority of this section." Clearly a deed cannot be made under authority of section 666 unless its provisions are complied with. The effect of a deed under section 661 is to cut off inquiry as to the matters preceding the time at which the Commonwealth acquired her rights to subject the property to sale for taxes due thereon, but, before the purchaser under section 666 can claim the benefit of the terms of section 661, he must show that he has fulfilled the provisions of section 666, and until he is in a position to do this, there is no authority for making him a deed for the property. The legislature would not have done so useless a thing as to require certain steps to be taken by the purchaser entirely independent of the steps by which the Commonwealth acquired her title to property bought for the delinquent taxes due thereon, and then allow the purchaser at his will to refuse or fail to comply with the only terms upon which he has the right to purchase from the Commonwealth. In no view of this statute, providing how title to lands held by the Commonwealth for delinquent taxes may be acquired by a purchaser, does it appear that the legislature intended that the purchaser should be protected by the provisions of section 661 if he had not acquired his deed by compliance with the provisions of section 666. On the contrary, the legislature recognized that a deed of trust creditor or mortgagee has a right in the

real estate upon which his debt is secured, which cannot be taken from him without notice of the proceedings by which it is to be done and giving him an opportunity to protect his interests.

It was never intended by the law-making power of the Commonwealth to lay down a hard and fast rule that one who obtained a deed for lands owned by the Commonwealth for delinquent taxes under section 666 of the Code should be secure in his title to the land, although he had obtained his deed without complying with the essential requirements of that section. If such an interpretation be given the statute, then a party having a right in the land could have it taken from him without notice of the proceedings by which it is done, and without an opportunity to be heard. It is entirely reasonable for the legislature, in order to more effectually collect the revenues due the Commonwealth for taxes, to make more stable titles acquired under tax sales, by providing that a title acquired by compliance with the provisions of the statute under which the deed is made is "subject to be defeated only by proof that the taxes or levies for which said real estate was sold were not properly chargeable thereon, or that the taxes and levies properly chargeable thereon have been paid." So construed, that provision of the statute (section 661) has been upheld by this court as a constitutional and a valid exercise of legislative power. *Thomas* v. *Jones, supra,* and *Va. Coal Co.* v. *Thomas, supra.* But it has nowhere been held that this statue is to be so construed as to bring within its protection a deed obtained without compliance with all the provisions of section 666, under which the deed was made. In the case at bar the deed was made confessedly without compliance with the provisions of that statute, as no sort of notice was given to appellant or its trustee of the proceedings upon the application to purchase the property resulting in the deed under which appellee claims. So to construe the statute as to bring appellee within the protection of section 661, would make it plainly a violation of both the spirit and the letter of the Fourteenth Amendment of the Con-

stitution of the United States, which provides that no person shall be deprived of his property without due process of law, *i. e.*, without notice of the proceedings by which it is done, and an opportunity to be heard. In this case, while appellant was given by the statute the right to redeem the property from the sale to the Commonwealth, it imposed no duty upon it, as upon the owner of the property, of paying the tax, but expressly provided that it should have notice of the application to purchase the property under section 666 of the Code, and, had that notice been given, appellee would have been entitled to the benefit of section 661, and without it he is not.

In *Thomas* v. *Jones, supra,* the bill to set aside the deed was filed by the holder of a vendor's lien, the previous owner of the property not being a party to the suit, and as the statute was when the deed in that case was made it was not required that notice of the application to purchase the land should be served on a creditor whose debt was secured thereon, and there was no allegation in the bill of entire lack of notice, but of a defective notice of the application. The deed in that case was held to be valid and within the protection of section 661, upon the ground that no valid objection had been shown to the deed, or to the proceedings which led up to its execution.

In *Virginia Coal Co.* v. *Thomas, supra,* the constitutionality of section 661 of the Code was upheld, and Thomas' deed declared to be within the protection it afforded, but stress was laid upon the fact that Thomas had complied with all the provisions of section 666. The opinion by Keith, P., after a full discussion of the undisputed facts and the evidence in the case, says: "So that Thomas, having complied with all the requirements of section 666, comes within the protection of section 661."

In the more recent case, also styled *Thomas* v. *Jones,* 98 Va. 323, Thomas had procured from the clerk of the County Court of Culpeper, and had recorded, a deed for Jones' land, which had been bought by the Commonwealth for delinquent taxes, and

Jones filed his bill to have the deed annulled on the ground that
Thomas had not complied with the provisions of section 666 of
the Code, etc., Thomas answered the bill, denying all of its
material averments, and invoked the protection of section 661 of
the Code. This court affirmed the decree of the Circuit Court an-
nulling the deed as having been procured by Thomas under such
circumstances as rendered it inequitable for him to avail himself
of it.    The opinion says that Thomas could not be permitted to
rely upon the deed executed to him by the clerk to cure any de-
fects which existed in the course of the proceedings under which
he claimed; that the burden was upon him to show a compliance
with the law, and the undisputed facts in the record are conclu-
sive against him, whereby he is deprived of the advantage en-
joyed by virtue of the deed.

It is true that in that case Thomas obtained his deed under
circumstances which amounted to a fraud upon the rights of
Jones, though the fraud was not intended, whereby a case was
made for equitable relief, independent of the statute, but the
opinion clearly upholds the principle that, notwithstanding the
provisions of section 661 of the Code, the holder of a deed made
under authority of section 666 is not entitled to the benefits of
section 661, unless all the provisions of section 666 have been
complied with.    These provisions relate to the steps that an ap-
plicant to purchase under that section must take in order to
acquire the Commonwealth's title to the land.    After he had
taken these steps, and not until then, is he entitled to a deed to
the land.    When he has in fact complied with all the provisions
of the statute, and gotten rightly his deed, he comes within the
protection of section 661, and no question can be raised as to the
regularity of the proceedings by which the Commonwealth ac-
quired title to the land conveyed to him by his deed, except as
therein provided.    But until he is in this position, neither in
morals nor under the law is he entitled to hold the property, and
the deed he holds cannot be said to have been obtained under

the authority of section 666, as to parties having an interest in the land conveyed who have not had the notice of the proceedings in which the deed was obtained that the statute required.

That the deed of trust of appellant in this case was delivered to the clerk and duly admitted to record cannot be controverted, and the failure of the clerk to properly index it does not affect its validity as notice to subsequent purchasers of the property. As was said by Staples, J., in *Old Dominion Granite Co.* v. *Clark,* 28 Gratt. 617: "If the clerk fails to make the index, he injures those who desire to make the search. The clerk's duty, therefore, is to the searcher and to the public, and not to the holder of the deed. When the latter has placed his deed upon the record book, he has done all the law requires him to do. Any one who will take the trouble can examine this record. The time and labor expended in making this examination is merely a question of degree. If the party making the search is content with looking at the index, without examining the record, and he is thereby misled, his remedy is against the clerk, whose duty it is to prepare the index for the benefit of the searcher, and not the holder of the deed. These views are not only in conformity with our statute, upon a fair and reasonable interpretation, but they are intrinsically just and sensible in themselves."

In that case the question was whether or not the indexing of a judgment was necessary to give it effect as notice to purchasers of property upon which it became a lien when docketed, but the court says that the reasoning applies to the indexing of deeds and judgments alike. When that case arose there was no statute providing that a judgment should not be regarded as docketed as to any defendant in whose name it was not indexed, but subsequently such a statute was enacted, and is now section 3561 of the Code. No such provision is found in the statute relating to the recordation of deeds.

In *Beverley* v. *Ellis,* 1 Rand. 102, it was held that where a deed is duly proved or acknowledged, and ordered to be recorded,

and left with the clerk for that purpose, it is considered as recorded from that time, although it may never, in fact, be recorded, but is lost by the negligence of the clerk or other accident; that a deed, under such circumstances, will be preferred to a subsequent deed, which has been duly recorded, although the party to such subsequent deed may not have notice of the prior deed.

The decision in that case has been often cited by this court, and is quoted from by Burks, J., in *Davis* v. *Beazley,* 75 Va. 491, who adds that if the deed is duly admitted to record, notice in contemplation of law is thereby given as effectually as if it had been spread on the deed book, and the certificate of the clerk written on the deed that it has been so admitted to record is evidence of the fact. The admission to record is in law notice of the deed to the world. For this purpose the admission to record is effectual, though the clerical act of spreading the instrument *in extenso* on the deed book be never performed.

A recorded instrument is sufficient to operate as constructive notice under the registry laws if the property be so described or identified that a subsequent purchaser or encumbrancer would have the means of ascertaining with accuracy what and where it was, and the language used be such that, if he should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it. *Florance* v. *Morien,* 98 Va. 26, and authorities cited.

The statute as to indexing deeds, now section 2505 of the Code, is substantially the same as it has always been. While the index is in fact the key to the deed books, and is depended upon by all examiners of title, it is not essential in Virginia to due registry. 2 Va. Law Reg. 620.

The evidence adduced by appellee as to the reasons why the trust deed in this case was not indexed in the name of Mary E. Buffin, as the grantor, is wholly irrelevant. If appellee contented himself with only looking to the general index to deeds in the

clerk's office of the Chancery Court, and not to the deed itself, for information as to who was entitled to notice of his application to purchase the property upon which appellant's debt is secured, and was misled, it is his own fault and negligence, and not that of appellant. It had done all the law required when its deed was left with the clerk for recordation and in a condition to be recorded.

We are therefore of opinion that the decrees appealed from are erroneous, and they will be set aside and annulled, and this court will enter such decree as the lower court should have entered, setting aside the deed from Christian, clerk, to appellee, as null and void as to the appellant, upon condition that the appellant refund to appellee all taxes paid by the latter on the property, with interest thereon from the date or dates the same were paid, and the cause will be remanded for such further proceedings as may be necessary to carry into effect the decree of this court.

*Reversed.*