# Richmond.

## Bowe v. City of Richmond.

### March 11, 1909.

1. Tax Deeds—*Purchaser from State—Prepayment of City and State Taxes.*—Where land in the city of Richmond has been sold for city taxes and bid in by the city, but it has not perfected its title thereto, and the same land is subsequently sold for State taxes and knocked out to the auditor of public accounts, the charter of the city and the provision of chapter 28 of the Code are to be considered together and made to harmonize as far as possible in determining the rights of an applicant to purchase from the State, and the liability of the land for unpaid city taxes. So considering them, it is clear that the applicant has no right to purchase without paying the taxes due on the land to the city as well as those due the State.

2. Tax Deed—*Premature Purchase—Invalidity of Deed.*—A deed from a clerk conveying land purchased by the State for delinquent taxes to an applicant under section 666 of the Code, as amended, which appears to have been made within less than four months after service of notice of the application to purchase is invalid on its face.

3. Tax Deed—*Statute of Limitations—Compliance with Sections 661 and 666 of Code.*—In order to claim the benefit of the limitation of time within which a tax deed may be assailed and other provisions of section 661 of the Code, relating to the purchase of lands delinquent for taxes, a purchaser under section 666 of the Code must comply with all the provisions of the latter section.

4. Tax Deed—*Failure to Comply with Law—Collateral Attack.*—A tax deed which shows on its face that the law which authorized its execution has not been complied with is invalid, unless there has been such a long acquiescence and possession under it as to justify a presumption in its favor, and may be collaterally assailed.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Stuart Bowe* and *Leake & Carter,* for the appellant.

*H. R. Pollard,* for the appellee.

Buchanan, J., delivered the opinion of the court.

From the year 1893 to the year 1899, inclusive, a lot lying in the city of Richmond, assessed in the name of Jane King, was returned delinquent for the non-payment of the city taxes or levies. Under the authority of the charter of the city, the lot was sold for each year's non-payment of the said taxes, and at each sale was bid in by the city, but the proceedings under its charter necessary to invest the city with title to the lot were not taken. Acts 1869-70, Ch. 101, sections 75 to 83.

In the year 1895, the said lot was returned delinquent for the non-payment of the taxes due the State, and in the year 1897 sold therefor and purchased by the State. No person entitled to redeem the land having done so within two years, R. B. Bowe, the appellant, on the 15th of November, 1899, filed his application with the clerk of the hustings court of the city to purchase the same under the provisions of section 666 of the Code of 1887, as amended by an act approved February 11, 1898 (Ch. 306, Acts 1897-8). The notice required by that section to be given was served on the 17th day of November, two days after the application to purchase was filed. On the 17th day of March, 1900, the clerk of the hustings court executed a deed to the appellant, conveying the lot to him as purchaser thereof. The deed was acknowledged and recorded on the same day.

By section 83 of the city charter, as amended by an act approved March 6, 1900 (Ch. 864, Acts 1899-1900), it is provided, that where real estate has been struck off to the city—when sold by it for delinquent taxes or levies due it—which has not been redeemed, and to which the city has not perfected its title in the manner prescribed by its charter, the city may enforce its lien for the taxes due it in a court of equity, and release its right as purchaser, or to become a purchaser, of such real estate. Under that provision of its charter this suit was brought by the city, to subject the said lot to the payment of the taxes due the city, and for which it had been sold and bid in by the city. The appellant and the parties interested in the lot under the will of Mrs. Jane King, who had died in the year 1895, were made parties defendant to the suit.

The appellant demurred to and answered the bill. The court overruled the demurrer and directed one of its commissioners to ascertain and report the amount of taxes due the city, all the liens upon the lot, its annual and fee simple value, and who was the then owner thereof.

The commissioner reported that the amount of the city taxes (which was a little less than the amount claimed in the bill) was a lien upon the lot; that there were certain debts secured by deeds of trust which were also liens upon it; that the deed executed by the clerk of the hustings court to the appellant conferred no title upon him; and that the lot passed under the will of Mrs. King to John King, trustee for Mary M. J. K. Haynes and Maggie A. K. Dicken.

Each of the findings of the commissioner were excepted to by the appellant. The exceptions were overruled by the court, the report confirmed, and a decree entered setting aside and annulling the deed executed by the clerk of the hustings court to the appellant as to the taxes due the city, and directing the lot to be rented for the satisfaction of the same.

From that decree this appeal was allowed.

The first question to be considered is whether or not the trial court erred in holding that the tax deed conveying the lot to the appellant was invalid as to the taxes due the city.

Section 666 of the Code of 1887, as amended by the act of February 11, 1898, under which the appellant filed his application to purchase, provided that if no person who had the right to redeem at the time of the service of the notice of the application to purchase shall appear within four months after such notice is served and redeem the land in the manner prescribed by the section, then the applicant shall have the right to purchase the same within five days from the expiration of the four months as aforesaid, by paying all taxes, penalties, fees and costs.

The deed shows upon its face that when it was executed the clerk of the hustings court had no authority to make the conveyance, because four months had not elapsed since the service of the notice of the application to purchase. It further appears from the deed itself, that the applicant to purchase had not paid the taxes due the city; and that he had not is one of the admitted facts in the case.

While the provisions of the charter of the city, under which it made sale of and bid off the lot in question for the non-payment of the city taxes due thereon, and the provisions of the general law of the State governing the sale of land returned delinquent for the non-payment of taxes, as found in chapter 28 of the Code of 1887, as amended and in force when the said lot was sold and purchased by the State for the non-payment of taxes due on it, are incongruous and difficult to construe so as to give effect to all the provisions of the charter of the city and of the general law in force when the applicant filed his petition to purchase, it is clear, we think, that when the provisions of both are considered together and made to harmonize as far as possible, as they must be, they did not authorize a sale and conveyance of the lot to the appellant without his paying the taxes due thereon to the city as well as those due the State.

There is language in section 666 of the Code, as amended by the act approved February 11, 1898, which, if it stood alone, would have given the appellant the right to purchase the lot "for the amount for which the sale to the Commonwealth was made;" but there is also language in the section which made his right to purchase dependent upon "his paying to the clerk all taxes, penalties, fees and costs" due on the lot and connected with his application to purchase. Which of these conflicting, or apparently conflicting, provisions is to control must be determined by looking to the other provisions of chapter 28 of the Code, and especially sections 636, 638, 642 and 662 of the Code.

Section 636 of the Code makes the taxes due the city as well as those due the State a lien upon the lot. Sections 638 and 639 provide for a sale of the lot for a sum sufficient to pay the unpaid State and city taxes thereon, with interest, costs and charges connected therewith. Section 662 provides, that "when any real estate is offered for sale, as provided by section 638, and no person bids the amount chargeable thereon, the treasurer shall purchase the same in the name of the auditor of public accounts, for the benefit of the State and county, city or town, respectively, unless such real estate has been previously purchased in the name of the auditor, in which case it shall be sold for such price as it will bring."

When all the provisions of law bearing upon the question, as before stated, are considered together, it is clear that the lot, when purchased in the name of the auditor of public accounts in 1897, was held for the benefit of the city as well as for the State, and that the appellant had no right to purchase it without the payment of the taxes thereon due both.

But it is insisted that, even if this be so, this suit was not instituted until more than two years after the recordation of the appellant's deed, and is therefore barred by section 661 of

the Code, which provides, among other things, that a suit to set aside, annul and cancel the deed of a purchaser under the provisions of section 666 of the Code shall not be brought except for fraud, unless it be brought within two years after the deed has been duly admitted to record.

. In order to claim the benefit of the provisions of section 661, as was held in *Virginia Building & Loan Co.* v. *Glenn and others,* 99 Va. 460, 39 S. E. 136, a purchaser under section 666 of the Code must comply with all the provisions of the latter section. This, as we have seen, the appellant did not do.

It is further insisted that this suit is a collateral attack upon the appellant's deed, and cannot, therefore, be maintained under the decisions of this court in the cases of *Hitchcock* v. *Rawson,* 14 Gratt. 526, and *Machir* v. *Funk,* 90 Va. 284, 18 S. E. 197.

It was held in the first named case that the tax deed offered in evidence in an action of ejectment could not be collaterally attacked for irregularities upon its face. The deed in that case was made under and confirmed by decrees of a court having jurisdiction of the proceedings in which the deed was made. In disposing of the question of the irregularities in the proceeding, Judge Lee, speaking for the court, said: "It is not a question of jurisdiction, but of the regularity of the mode in which the jurisdiction has been exercised; and if there be jurisdiction, whatever irregularities may have occurred in the course of the proceeding, the decree will yet be evidence, at least as against strangers, in a subsequent collateral proceeding. That mere irregularities in a case of this kind will not suffice to exclude the record as evidence in a subsequent controversy, when offered by the party claiming under the sale, has been expressly decided by this court in *Smith* v. *Chapman,* 10 Gratt. 445, and it cannot be considered as any longer an open question."

In *Machir* v. *Funk,* the other case relied on, it was held, upon the authority of *Hitchcock* v. *Rawson,* that the validity of a

sale of land delinquent for the non-payment of taxes, which is regular on its face, cannot be collaterally assailed.

This is a different case from either of those. The deed in this case is invalid on its face. The clerk of the hustings court had no authority to make a deed to the applicant until the four months had expired after the service of the notice required by section 666 of the Code. He was clothed with a mere naked power and could only exercise it in the manner prescribed by law.

Such a deed is invalid, unless there has been such a long acquiescence and possession under it as to justify a presumption in favor of the deed, as was the case in *Robinett* v. *Preston's Heirs,* 4 Gratt. 141. See *Sulphur Mines* v. *Thompson's Heirs,* 93 Va. 316, 25 S. E. 232, and authorities cited.

That a tax deed which shows upon its face that the law which authorized its execution has not been complied with is invalid, see also *Redfield* v. *Parks,* 136 U. S. 239, 250, 33 L. Ed. 327, 10 Sup. Ct. 83; *Swipe* v. *Prior,* 58 Iowa, 412, 10 N. W. 788; *Bowman* v. *Wittig,* 39 Ill. 416, 428; Black on Tax Titles, sec. 208.

We are of opinion that the chancery court did not err in holding that the tax deed of the appellant was invalid as to the claim asserted by the city of Richmond against the lot in question, and in directing it to be subjected to the payment of the taxes ascertained to be due the city.

There being no error in the decrees appealed from to the prejudice of the appellant, they must be affirmed.

*Affirmed.*