Statement.

Richmond.

BRADLEY, TRUSTEE, *v.* PATTERSON AND OTHERS.

March 9, 1911.

1. TAX DEEDS—*Notice to Non-Residents—Completion of Order of Publication—Code, Section 666 as Amended.*—The four months' notice required to be given to a non-resident delinquent land owner of an application to purchase from the Commonwealth land purchased by it for delinquent taxes commences to run from the completion of the order of publication, and not from its date, whether the notice is given under the act of February 11, 1898, or the act of March 5, 1900, each amending section 666 of the Code, and until the owner's right of redemption has expired the clerk has no authority to execute a deed to the applicant.

2. TAX DEEDS—*Code, Section 666—Deed to Purchaser—Power of Court to Order—Object of Survey.*—Upon an application to purchase from the Commonwealth land sold for delinquent taxes it is the duty of the court, under section 666 of the Code, upon approving the report of survey to direct it to be recorded. It has no authority to go further and direct the clerk to make a deed to the applicant except upon the petition of the applicant after refusal of the clerk to make the deed. The sole object of the report of the survey and the recordation thereof is to furnish record evidence of the identity of the land sold, not only for the information of the former owner and all others interested, but for the guidance of the clerk in making the deed. It is not the province of the court in passing upon the sufficiency of the surveyor's report to enquire into the regularity or the sufficiency of the proceedings in which the survey was made.

Appeal from a decree of the Circuit Court of Franklin county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Hairston, Hairston & Willis, L. W. Anderson* and *Samuel A. Anderson,* for the appellant.

*Dillard & Lee,* and *S. Hamilton Graves,* for the appellee.

Buchanan, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court for Franklin county, setting aside a tax deed executed under the provisions of section 666 of the Code as to a two-thirds undivided interest therein, upon the ground that the deed as to that interest was void upon its face.

It appears upon the face of the deed that it was executed by the clerk within less than four months after the completion of the order of publication giving notice to the delinquent land owner, who was a non-resident of the State, of the application to purchase filed by the grantee in the deed. This being so, the circuit court properly held that the deed as to said interest was void under the decision of this court in the case of *City of Richmond* v. *Bowe,* 109 Va. 254, 64 S. E. 51, and the authorities there cited, unless it be true, as insisted by the counsel of the appellants, (1) that the deed was made pursuant to an order of the county court of that county having jurisdiction to pass upon the legality and sufficiency of the proceedings in which the grantee in the deed made his purchase, and that the regularity, therefore, of those proceedings cannot be attacked collaterally; or (2) that the four months' notice required to be given the delinquent land owner commenced to run from *its date,* and not from the completion of the order of publication.

That there is no merit in this second contention is clear from the language of section 666 of the Code, whether the notice was intended to be given under that section as amended by an Act of Assembly approved February 11, 1898 (Acts 1897-8, pp. 343-346), or under it as amended by an Act of Assembly approved March 5, 1900 (Acts 1899-

1900, pp. 852-857). It is true that in the form of notice found in the latter act the land owner "is notified to appear in four months from the date of the notice," but the act in which the form of notice is given expressly provides that if no person who has the right to redeem the land "at the time of the service of the copies, or of *the completion of the order of publication* as aforesaid, appear within four months after such copies have been so served or published, as the case may be," and redeem the land, then the applicant may purchase in the manner therein prescribed. Whether the notice was given under one or the other of these acts amending section 666, it is clear from each that the land owner, who was given notice by order of publication, had four months after the completion of such order in which to redeem, and that until his right to redeem had expired, the clerk had no authority to execute a deed to the applicant.

It is true, as contended, that the county court in approving the report of the survey of the land made at the instance of the applicant to purchase and directing it to be recorded, goes further and orders the clerk of the court to convey to the purchaser with special warranty the tract of land described in the report of survey. But it is clear that the county court had no authority to order the clerk to make a deed to the applicant under section 666, except upon the petition of the applicant upon the clerk's refusal to make the deed. There was no such petition filed, and no pretense that the clerk had refused to make the deed.

Section 666 provides that the court, unless it have some objection to the surveyor's report, shall order the same to be recorded. The sole object of the report of survey and the recordation thereof was to furnish record evidence of the identity of the land sold, not only for the information of the former owner and all others interested, but for the guidance of the clerk in making the deed. *Nowlin* v. *Burwell*, 28 Gratt. 883, 889.

It was not the province of the court in passing upon the sufficiency of the surveyor's report to inquire into the regularity or the sufficiency of the proceedings in which the survey was made. "Its sole duty," as was said by Judge Staples in delivering the opinion of the court in *Nowlin* v. *Burwell, supra,* was "to consider whether the survey was in conformity to the requirements of the statute in respect to the description and identity of the land. It is no concern of the courts, whether the sale is regular, or whether the purchaser has acquired title. . . . The proceeding is *ex parte* in its character and does not in the least affect the rights of third persons. The owner of the land or the person entitled to redeem cannot be prejudiced by the recordation of the plat and certificate (or report of survey) or any judgment of the court thereon. As to him the proceeding is *res inter alios acta*." See also *Delany* v. *Gordon,* 12 Gratt. 266; *Randolph Justices* v. *Stalnaker,* 13 Gratt. 523.

We are of opinion that there is no error in the decree appealed from and that it should be affirmed.

*Affirmed.*