## Wytheville.

### GORDON v. JOYNER.

#### June 8, 1911.

1. TAX DEEDS—*Validity—Notice to Former Owner—Code (1904) Sections 655 and 661.*—A deed made to a purchaser at a delinquent land tax sale before he has given the four months' notice required by section 655 of the Code (1904) is void. The failure to give such notice is not such an irregularity as is cured by section 661 of the same Code. In order for such purchaser to obtain the benefit of the provisions of section 661, he must have obtained his deed in accordance with the provisions of section 655. The authority of the clerk to make him a deed is a mere naked power, not coupled with an interest, and hence every requisite to its exercise must be strictly complied with.

2. TAX DEEDS—*Who to Execute—Statutory Requirements.*—In the absence of a curative statute, if a tax deed be executed by a person other than the official designated by law to make the deed, it is a nullity. The same result follows if the designated official executes the deed before the time prescribed by law or before the purchaser has complied with the requirements of the statute.

Error to a judgment of the Corporation Court of the city of Newport News in an action of covenant. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Allan D. Jones* and *R. M. Lett,* for the plaintiff in error.

*Samuel R. Buxton,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The only question to be determined on this writ of error is whether a deed made to a purchaser at a delinquent land

tax sale before he has given the notice required by section
655 of Va. Code, 1904, is void, or whether the failure to
give such notice is an irregularity which is cured by sec-
tion 661 of the same Code.

Section 655 provides, that after two years have expired
from the date of a tax sale such purchaser may obtain a
deed from the proper clerk, but declares that "in no case
shall a deed be made to any such purchaser of any such real
estate until after such purchaser has given" to the person
or persons therein mentioned who are supposed to be in-
terested in the land as owner or lienors and entitled to re-
deem the same, "four months' notice of his said purchase
. . . and the person entitled to redeem said real estate
shall have the right to redeem the same at any time before
the expiration of the said four months, although such time
extend beyond the two years first mentioned herein."

Section 661 provides that where the purchaser of any
real estate so sold, or sold in pursuance of section 666, has
obtained a deed therefor, and the same has been duly ad-
mitted to record in the proper clerk's office, the right or
title to such estate shall stand vested in the grantee in such
deed as was vested in the party assessed with the taxes or
levies on account of which the sale was made, etc., etc., sub-
ject to be defeated only by proof (1) that the taxes, etc.,
for which it was sold were not properly chargeable
thereon; (2) that the taxes, etc., properly chargeable on
such real estate had been paid; (3) that the notice of the
tax sale, where made to a person other than the Common-
wealth, or notice of the application to purchase, in case the
sale was made under sec. 666, had not been duly given; or
(4) that the payment or redemption of said real estate was
prevented by fraud or concealment on the part of the pur-
chaser. That section further provides that no suit shall be
brought to set aside, cancel or annul such deed except for
fraud, as therein provided, unless within two years after
the same is properly admitted to record.

In order for a purchaser at a tax sale to be entitled to the benefit of the provisions of section 661, he must have obtained his deed in accordance with the provisions of section 655—that is, his deed must be executed by the proper clerk (unless the clerk himself be the purchaser) after the expiration of two years from the date of the tax sale, and after the purchaser has given the notice required by that section. The authority conferred upon the clerk to execute the deed is a mere naked power not coupled with an interest and must be strictly complied with. No rule of law is more firmly settled than that in the case of a naked power, every prerequisite to its exercise must precede it. *Sulphur Mines Co.* v. *Thompson,* 93 Va. 293, 316, 25 S. E. 232, and authorities cited; *Reusens* v. *Lawson,* 91 Va. 226, 236, 21 S. E. 347; *Flanagan* v. *Grimmet,* 10 Gratt. 421, 435, and cases cited.

In the absence of a curative statute, if the deed be executed by a person other than the official designated by law to make the deed, it is, of course, a nullity. If authorities be needed for so plain a proposition, they can be found in Judge Allen's opinion in *Flanagan* v. *Grimmet, supra.* If the official be authorized to make the deed after a time named, and he execute it before that time elapses, the deed is also a nullity. *Bowe* v. *City of Richmond,* 109 Va. 254, 260, 64 S. E. 51; *Bradley, Tr.,* v. *Patterson, ante,* p. 33, 70 S. E. 540, decided at the March term, 1911, of court; Minor on Tax Titles, p. 111, and cases cited. And, *a fortiori,* the deed must be a nullity when the purchaser not only obtains it without complying with the conditions which entitle him to a deed—i. e., giving the notice required, and when executed by an official in plain violation of the statute which prohibits him from making the deed until four months after the required notice has been given.

It may be true, as argued, that the legislature has the power to authorize a conveyance to be made to a purchaser

at a tax sale without requiring some such notice as that provided for by section 655; but it has not done so. On the contrary, the legislature has declared that the purchaser shall give notice of his purchase, and that he is not entitled to a deed until he has done so.

There is nothing, as it seems to us, in section 661 which validates a deed executed to a purchaser at a tax sale in violation of section 655. The deed must be made by the clerk. It cannot be made until after two years expires from day of sale nor until four months after the notice required by that section has been given. The purchaser at a tax sale must comply with the provisions of section 655 before he is entitled to a deed which will give him the benefit of the curative provisions of section 661. See *Va. Coal Co.* v. *Thomas,* 97 Va. at p. 537, 34 S. E. 486; *Va. Building, &c., Co.* v. *Glenn,* 99 Va. 460, 39 S. E. 136; *Bowe* v. *City of Richmond, supra; Bradley, Tr.,* v. *Patterson, supra.*

The provision in section 655 requiring the purchaser to give notice of his purchase as therein provided, was not in that section when section 661 was enacted as it now stands (March 7, 1900, Acts 1899-1900, pp. 1234-5), but was afterwards enacted by amending section 655 of the Code of 1887 by an act approved April 2, 1902 (Acts 1901-2, p. 779). Section 661, as found in Va. Code, 1904 (not as it was when the deed under consideration in the case of *Va. Building, &c., Co.* v. *Glenn, supra,* 99 Va. 460, 462, 39 S. E. 136, was executed) does provide that the deed of a purchaser at a tax sale, or under the provisions of section 666 of the Code may be set aside, annulled or cancelled by a suit brought for that purpose within two years from the recordation of the deed; upon the ground among others that "the notice of the tax sale where made to a person other than the Commonwealth, or notice of the application to purchase in case the sale was made under section 666, has not been duly given."

Whatever may be the effect of that provision in section 661, as amended, upon the rights of a purchaser under section 666 where the notice required by that section has not been given (*Va. Building, &c., Co.* v. *Glenn, supra*), it has no reference to the failure to give the notice required by section 655, because at the time that provision was inserted in section 661 the purchaser at a tax sale was not required to give notice of his purchase before obtaining his deed as he now is under section 655 (Code, 1887, and Acts 1901-2, p. 779), and because the language of the provision in section 661 shows that it refers to the *"notice of the tax sale"* when bid off by such purchaser, and not to the "notice of his said purchase," as provided for in section 655, as amended.

There are several reasons of public policy why a tax deed obtained by a purchaser who has complied with all the requirements of section 655 should cure irregularities in the proceedings which led up to the sale, and for which such purchaser is in no wise responsible, but there is no reason in a sound public policy or in good morals, why a purchaser at a tax sale who has failed in or refused to comply with the conditions upon which he is entitled to a deed and has obtained it in express violation of law, should be permitted to take advantage of his own negligence or wrong and have the same curative effect given the deed as if it had been obtained in accordance with law.

The court is of opinion that, the deed in question having been executed not only without authority, but in plain violation of the positive prohibition of section 655 of the Code, under which it was obtained, is a nullity, and that the trial court erred in not so holding. Since the plaintiff's right to recover depended upon the validity of that deed, it follows that the judgment of the trial court, to whom all matters of law and fact were submitted, must be reversed; and this court will enter such judgment as that court ought to have entered.                                              *Reversed.*