## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WRIGHT v. CARSON AND OTHERS.

November 18, 1909.

Absent, Buchanan, J.

1. TAX SALES—*Deed From Clerk—Recitals as Evidence.*—The recitals in a deed from a clerk of a corporation court to a purchaser from the Commonwealth of land previously sold for delinquent taxes and purchased by the Commonwealth and by it subsequently sold to such purchaser are at least *prima facie* correct under the terms of the statute, and are to be accepted as true in the absence of any evidence to the contrary. There is no doubt as to the power of the legislature to make such recitals *prima facie* evidence.

2. TAX SALES—*Sale in County—Land Subsequently Taken Into City—Where Application to Purchase to be Filed.*—Where land lying in a county adjacent to a city is returned delinquent for taxes and is sold and purchased by the Commonwealth, and all the evidence of the various steps by which the title of the original owner was divested and placed in the Commonwealth is to be found in the clerk's office of the county court of the county, but subsequently the land is taken within the city limits pursuant to law, the application to purchase from the Commonwealth can only be made under the express terms of the statute, in the corporation court of the city wherein the land is situated, and not in the circuit court of the county wherein it was sold.

3. EVIDENCE—*Authenticity of Paper—Stipulation of Counsel—Case at Bar.*—The evidence in the case at bar sufficiently establishes the fact that a tax deed in the record which was objected to as not authentic, and as not evidence of the facts therein recited, was put in evidence on the trial under a stipulation of counsel that it might be introduced without preliminary proof that it was genuine and what it purported to be, and that what was referred to the court was its legal effect.

Error to a judgment of the Circuit Court of the city of Roanoke in an action of ejectment. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hart & Hart,* for the plaintiff in error.

*Scott, Altizer & Watts,* for the defendants in error.

Keith, P., delivered the opinion of the court.

This is an action of ejectment brought by Carson and Warwick against Wright, to recover a lot of land situated in the city of Roanoke.

The plaintiffs, to maintain the issue upon their part introduced a deed from the Janette Land Company to them of August, 1890. The defendant admitted that the land company traced its title back to the Commonwealth of Virginia, and was on the 25th of August, 1890, in possession of and owned said land in fee, and that on that day, by its deed, it conveyed the lot to the plaintiffs; that at the date of the institution of the action of ejectment the defendant was and still is in possession of the land claimed adversely to the plaintiffs; and this was all of the evidence offered by the plaintiffs.

The defendant, to maintain the issue on his part, offered the following evidence: An application signed by one A. S. Crawford for the purchase of the land in the declaration mentioned, under the provisions of section 666 of the Code, and certain papers thereto attached, marked Exhibits Nos. 1 to 17 inclusive, a deed purporting to be from one S. S. Brooke, clerk of the Corporation Court of the city of Roanoke, purporting to convey the land in the declaration mentioned to the said Crawford, dated June 27, 1903, and recorded in Deed Book 147, p. 129, and marked "Exhibit No. 1"; a deed purporting to be from A. S. Crawford conveying the land in question to Hunt Hanna; and a deed from Hunt Hanna purporting to convey the land to the defendant Wright; that on the 25th of August, 1902, and continuing through the 23d day of June, 1903, when the deed from Brooke to Crawford was made, Brooke was clerk of the

Corporation Court for the city of Roanoke, having been duly elected and qualified as such; the act of the General Assembly of Virginia, passed February 12, 1892, by which the limits of the city of Roanoke were extended so as to embrace within the limits of the city of Roanoke the land in the declaration mentioned; proof that the grantee in the deed of June 27, 1903, took possession of said land, claiming under the said deed, and that he and those claiming under him have ever since been in possession thereof; which was all of the evidence introduced on the part of the defendant.

To the introduction of all of these papers the plaintiffs, by counsel, objected, on the ground that they do not "appear to have been made by the parties authorized to make the same, and that the proceedings therein set out are not pursuant to law and are not authorized by law, and that the same are otherwise illegal and irrelevant."

There follows this stipulation of counsel: "We consent that the foregoing and the exhibits therein referred to is all the evidence to be introduced in this case": signed by counsel for the plaintiffs and counsel for the defendants.

The case was submitted to the court without a jury, and at the May term, 1908, a judgment was entered for the plaintiffs. The court certifies that "the evidence and all the evidence produced by the parties to sustain the issue on their parts, respectively, is contained in the certificate filed with the papers in this cause and marked 'Certificate of Evidence,' which is hereby referred to and made a part of the record herein."

It seems that prior to February 12, 1892, the land in question was a part of Big Lick Magisterial District, in the county of Roanoke; that the taxes for 1891 were not paid and the land was returned and reported delinquent for that year, but all the acts which establish the delinquency, the sale of the land and its purchase by the Commonwealth, were returned to the County Court of Roanoke county and were filed in the clerk's office of that court. In 1892 the charter of the city of Roanoke was

amended, and the land in question was brought within the limits of the city. On the 25th of August, 1902, A. S. Crawford, under whom the defendant claims, filed his application to purchase this land, under section 666 of the Code. Notice of this application was served upon Carson and Warwick, the notice stating that the land in question was sold for delinquent taxes due thereon for the year 1891 and purchased by the Commonwealth of Virginia; that it was charged on the commissioner's books to Carson and others at the time of the sale and at the time of the notice was so charged and owned by J. Preston Carson and Otway Warwick, as shown by the deed books and will books in the office of the clerk of the Corporation Court, and described as Lot No. 4, Section No. 5, Janette Land Company.

Carson and Warwick did not appear in obedience to the summons to show cause, and on the 27th of June, 1903, a deed was made by S. S. Brooke, who it is agreed was at that date clerk of the Corporation Court of the city of Roanoke, conveying to A. S. Crawford the land in question. This deed recites with accurate detail every step that was taken and which the law required to be taken in order to entitle a purchaser under section 666 of the Code to a deed for lands which had theretofore been returned delinquent for the payment of taxes and purchased by the State. No step seems to have been omitted, but all was done which the law required to be done to vest the title to land sold for taxes and purchased by the Commonwealth by virtue of section 666 of the Code.

Section 661 provides that when the purchaser of any real estate sold as aforesaid or sold in pursuance of section 666, his heirs or assigns, has obtained a deed therefor, and the same has been duly admitted to record in the county or corporation in which such real estate lies, the right or title to such estate shall stand vested in the grantee in such deed as it was vested in the party assessed with the taxes or levies on account whereof the sale was made at the commencement of the year for which said taxes or levies were assessed; or in any person claiming

under such party, subject to be defeated only by proof that the taxes or levies for which said real estate was sold were not properly chargeable thereon; or that the taxes and levies properly chargeable on such real estate have been paid; or that the notice of the tax sale, where made to a person other than the Commonwealth, or notice of the application to purchase, in case the sale was made under section 666 has not been duly given; or that the payment or redemption of said real estate was prevented by fraud or concealment on the part of the purchaser.

Not one of the four conditions named appear in this case.

We shall not stop to inquire whether the statute intended to make the deed conclusive proof or *prima facie* proof of its recitals. It may be that it was designed as conclusive proof as to all of its recitals other than the four specified exceptions, and that with respect to the four named exceptions the deed should only constitute *prima facie* evidence. But whether it be *prima facie* or conclusive is immaterial in this case, as either the one or the other would be sufficient to establish the defendant's title, there being no proof to the contrary of any of the recitals of the deed. That it is within the power of the State to make the deed conclusive evidence as to very many of these recitals, and *prima facie* as to all of them, we think plain.

At pages 40-41 of Minor's Law of Tax Titles, it is said: "This statute operates to cure many of the defects or omissions in the proceedings for a tax sale, which otherwise would invalidate it. But its effect, as we shall presently see, is not as extensive as its terms would seem to import. The statue itself allows evidence to be introduced, in order to defeat the title, of the fact that the land was not properly chargeable with the taxes or levies for which it was sold, or that such taxes or levies had been paid. As to all other matters, the effect of the statute is, or at least is intended to be, that the execution and recordation of the tax deed is conclusive evidence of the purchaser's title. But as there are certain steps in the collection of taxes which the legislature has not the constitutional power to dis-

pense with, because to do so would deprive the taxpayer of his property without due process of law, neither has it the power to make the tax deed conclusive as to these matters, for this would be in effect to dispense with steps which are indispensable. The owner of the land must be given an opportunity to prove that these or some of them have not been properly performed. But it is well settled that the legislature has the power to make the tax deed *prima facie* evidence of even these indispensable jurisdictional facts, and hence, though a statute attempting to make the deed conclusive thereof will fail of its effect, yet it will still be construed to make the deed *prima facie* evidence thereof, though the statute does not so provide."

Since that was written, section 661 has been enlarged, and adds the third and fourth exceptions to the effect of the deed. See *Virginia Coal Co.* v. *Thomas,* 97 Va. 527, 34 S. E. 486, and note upon that case in 5 Va. Law Reg. 556.

There is one other question which must be considered. As we have seen, when this land was returned delinquent and purchased by the Comonwealth, it was in the county of Roanoke, and the evidence of the various steps by which the title of the original owner was devested and placed in the Commonwealth is to be found in the clerk's office of the County Court of Roanoke. After 1892, the land having been embraced by an amended charter in the city of Roanoke, it was assessed for taxation as a part of the city of Roanoke, and all of the evidence with respect thereto is to be found in the clerk's office of the corporation court of that city.

By the express terms of section 666 the application for the purchase of this land could only be made in the corporation court of the city wherein it was situated, and the contention of the defendants in error is that, as the delinquency in the payment of taxes and the purchase by the Commonwealth, and the devestiture of the title of the defendants in error is of record in the County Court of Roanoke, the Corporation Court of the city of Roanoke was incapable of entertaining the petition

of A. S. Crawford. The result would be that in all such cases, of which there must be many since municipal corporations are constantly enlarging their boundaries, the Commonwealth would find itself unable to dispose of land purchased by it, and would be deprived of this means of collecting its revenues; the claim of the defendants in error being that this is *casus omissus* and constitutes a *hiatus* in the law.

In this we cannot concur. The jurisdiction is clearly placed in the circuit court of the county or the corporation court of the city in which the land lies. The exercise of that jurisdiction depends upon the evidence introduced before it. We doubt whether the order of the court directing this deed is properly before us, for while there is a paper in the cause which refers to the application of Crawford, and states that he has done all of the acts which entitle him to a deed under section 666, and which requires Brooke, the clerk of the court, to execute a deed to him, it does not appear that that paper emanated from or was ever a part of the records of the Corporation Court of the city of Roanoke. But this brings us back again to the deed executed by the clerk, S. S. Brooke, and duly admitted to record, which, as we have before said, recites step by step in careful detail every act which the law requires, and upon this point, as upon others, we are confronted with the effect given by the statute to that deed.

All the evidence in the case was admitted under a stipulation entered into by counsel for plaintiffs and defendant in the court below. In the bill of exceptions signed by the judge it is stated that exhibits Nos. 1 to 18, inclusive, which embrace the deed, were objected to by plaintiffs' counsel, "on the ground that they do not appear to have been made by the parties authorized to make the same, and that the proceedings therein set out are not pursuant to law and are not authorized by law, and that the same are otherwise illegal and are irrelevant." Now if this agreement does not mean that the papers were put in evidence without preliminary proof that they were genuine and were what they purported to be, leaving it to the court to ascertain their

legal force and effect, then it means nothing, or indeed, as far as the defendant in the court below was concerned, worse than nothing, since but for the agreement evidence might have been introduced with respect to these papers which in consequence of it was not brought forward.

Upon the whole case, we are of opinion that the judgment of the circuit court was erroneous and should be reversed, and this court will enter judgment for the plaintiff in error and his costs.

*Reversed.*