## Richmond.

### CRAWFORD V. FLOYD.

November 16, 1911.

1. TAXATION—*Tax Deeds—Recitals.*—Where the Commonwealth has sold to an applicant land previously purchased by it for delinquent taxes, and the clerk has made a deed to the applicant, it was not intended that the deed should be conclusive evidence of compliance with the essential requisites in the assessment of taxes, but it was intended to dispense with all other steps required by the statute preliminary to the sale, and to the execution of the tax deed in pursuance thereof, or to make such steps merely directory.

2. TAXATION—*Tax Deeds—Recitals.*—While section 666 of the Code (1904) does provide that applicants to purchase land sold to the Commonwealth and unredeemed shall pay to the clerk (to whom the application is addressed) ten *per cent.* of the amount of the proposed purchase price of said land; provided that the deposit . . . shall in no case be less than one dollar, it is provided by section 661 of the Code that when a deed has been recorded the title shall stand vested in the grantee subject to be defeated only by proof that the taxes or levies for which the real estate was sold were not properly chargeable thereon, or that the taxes and levies properly chargeable thereon have been paid; or that notice of the application to purchase has not been duly given, or that the payment or redemption of said real estate was prevented by fraud or concealment on the part of the purchaser.

3. TAXATION—*Tax Deeds—Recitals—Case in Judgment.*—The recitals in a tax deed from a clerk that the preliminary deposit of ten *per cent.* of the purchase price (or a minimum of one dollar) was made when the application was filed, and that within five days after the application matured there was paid to the clerk all taxes, levies, interest, &c. (being the full amount necessary to purchase said real estate from the Commonwealth), even if treated as only *prima facie* of the facts recited, is not overcome in the case at bar by the affidavit that the tax receipts (which had been lost) all bore the date when the application matured, nor by the deductions from the recital as to the amount paid when the application matured that less than one dollar must have been paid when the application was filed.

Appeal from a decree of the Corporation Court of the city of Roanoke. Decree for the complainant. Defendant appeals.

The opinion states the case.

*Reversed.*

*Hart & Hart,* for the appellant.

*H. C. Featherston* and *John G. Haythe,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The appellee, Mrs. M. L. Floyd, filed her original and amended bill in this cause against appellant, A. S. Crawford, seeking to have cancelled as a cloud upon her title to a certain vacant lot of land described as Lot 9, sec. 8, of the Oak Ridge addition to the city of Roanoke, Va., a tax deed from S. S. Brooke, clerk of the corporation court of said city, to the appellant.

The trial court overruled appellant's demurrer to the original and amended bill, and at a hearing of the cause upon the amended bill, the exhibits therewith filed, the answer of appellant to the bill and appellee's general replication to said answer, made the decree appealed from, cancelling and annulling said tax deed, giving in the decree the reasons for so doing as follows: "It further appearing from the recitals of the tax deed in question and the affidavit of the said Haythe that the defendant failed to deposit with his application to purchase the said land from the Commonwealth the amount required by law to be deposited, and the court being of the opinion that by reason of said failure the said tax deed is void."

It appears that the lot of land in question was returned delinquent and sold to the Commonwealth on December 6, 1897, for State taxes assessed thereon against the appellee as the owner of the lot for the year 1896, and the owner

failing to redeem the lot, an application to purchase the same under section 666 of the Code, as amended, was filed by appellant on February 17, 1902. Appellee being a non-resident of the State, notice of the application was published in a newspaper, and she still failing to redeem within the time prescribed by the statute, the deed here in question, conveying the lot to the applicant (appellant) was made by the clerk on June 13, 1903, which deed is exhibited with the amended bill in this cause.

In *Wright* v. *Carson,* 110 Va. 498, 66 S. E. 39, the court had under consideration a deed containing the identical recitals which are contained in the deed now before us, and in passing upon its sufficiency said: "It recites step by step in careful detail every act which the law requires."

It was in the case just cited held, that the legislature intended to make the deed conclusive evidence of its recitals so far as it was able to do so. And in Minor on Tax Titles, 131, it is stated that the steps which are jurisdictional and, therefore, essential in the assessment of the taxes are: (1) The listing of the property for taxation; (2) The assessment or valuation thereof; (3) The levy of the taxes thereon; (4) The liability of the owner for the taxes; (5) The notice of tax sale, including a sufficient description of the land; and (6) The actual sale of the land publicly and without fraud.

Of course the legislature did not intend to make the deed conclusive evidence of the compliance with these essential requisites, but it would seem equally as clear that it did intend to dispense with all other steps required by the statute preliminary to the sale and to the execution of the tax deed in pursuance thereof or to make such steps merely directory. There is no doubt as to the power of the legislature to make the recitals in the deed from the clerk *prima facie* correct and to be accepted as true in the absence of any evidence to the contrary, (*Wright* v. *Carson, supra*)

and for the purposes of this case we may so construe the statute, for there is no pretense that any of the recitals in the deed of the essential prerequisites to the sale of the lot of land to the Commonwealth are untrue. In other words, none of the alleged omissions from the recitals of the tax deed which the law requires are such as were not in the power of the legislature to dispense with or make merely directory, and therefore not essential to the validity of the sale to the Commonwealth.

The attack upon the deed here is made, and it was set aside by the lower court, as we have seen, solely upon the ground that the initial deposit required of appellant by the statute to be made when his application to purchase the lot from the Commonwealth was filed, was not in fact made. It is very true that appellant contends that no notice of the tax sale and of appellant's application to purchase was given to her, but in her original bill in this cause it is alleged that she is a non-resident, and the deed to appellant recites that notice was given to her by order of publication in the "Evening News," a paper published in Roanoke city; and in the brief of her counsel it is admitted that said recital in the tax deed is true; but it is insisted that as the initial deposit was not made, the clerk had not the right to issue the notice, and that such notice amounts to no notice at all. This, in effect, is to say that the making of the initial deposit was an essential element in the whole transaction; that this omission is not cured by statute; and that it was not within the power of the legislature, which required this deposit, to cure by the deed itself the failure to make the deposit.

Section 666 of the Code of 1904, as amended by an act of the legislature ( Acts 1899-1900, p. 83) does contain, along with many others, the provision that an applicant to purchase land sold to the Commonwealth and unredeemed shall pay to the clerk (to whom the application is addressed)

"ten *per centum* of the amount of the proposed purchase price of the said land; provided that this deposit, which shall be first for purchase price and then for costs, shall in no case be less than one dollar" . . . ; but section 661 of the Code was left unamended, and that section provides that when a deed has been recorded the title shall stand vested in the grantee, subject to be defeated only by proof that the taxes or levies for which the real estate was sold were not properly chargeable thereon, or that the taxes and levies properly chargeable thereon have been paid; or that notice of the application to purchase has not been duly given, or that the payment or redemption of said real estate was prevented by fraud or concealment on the part of the purchaser.

As we have seen, there is no pretext that the deed here in question can be attacked on any of the grounds just stated other than that the notice of the application to purchase was not given; and that the amount paid by the appellant when he obtained his deed was the exact amount which appellee would have been required to pay had she redeemed the property, is not called in question; so that, as has been observed, the failure to deposit with the clerk the ten *per cent.* of the amount of the proposed purchase price of the property, which deposit was in no event to be less in amount than $1.00, is the only reason assigned, or which could, under the facts appearing in the record, be assigned, why the tax deed attacked is void and should be annulled.

The tax deed recites that "at the time of the filing said application the said A. S. Crawford paid to the clerk 10 *per cent.* of the amount of the proposed purchase price of said real estate," and the affidavit of Jno. G. Haythe, so much relied on by appellee and referred to by the court below in its decree annulling the deed, does not show whether or not the deposit was made. This affidavit was only intended to supply the loss from the record of the

original receipt given by the clerk to appellant for taxes, costs, etc., incident to the filing and perfecting of his application to purchase the lot of land.   It appears from said affidavit that these receipts bore date October 21, 1902, and from this it is argued that as all the tax receipts were of the said date—the date when the application matured—no deposit could have been made when the application to purchase was filed.

We confess our inability to appreciate the force of this argument.   The law requires that the deposit be made at the time the application is filed, and that within five days after the application matures the taxes, etc., shall be paid. The tax deed recites not only that the deposit was made when the application to purchase was filed, but that within five days after the application matured there was paid to the clerk all taxes, levies, interest, penalties, fees and costs, and all city, town and county levies and taxes remaining unpaid, together with all interest, penalties, costs and charges which amounted to the sum of seven dollars and sixty-four cents (being the full amount necessary to purchase the said real estate from the Commonwealth)."

It is very true that, as in the case of *Bowe* v. *City of Richmond,* 109 Va. 254, 64 S. E. 51, proof for the purpose of "defeating" a tax deed may be supplied from the deed itself, as well as from outside sources; but the contention of the appellee that because of the recital in the deed that the amount of the final payment to the clerk was only $7.64, the deposit made by appellant when his application to purchase was filed could not have amounted to "the statutory minimum of one dollar," and must have been no more than eighty-five cents, is an unwarranted deduction, and even if such a deduction could be made, that is not sufficient to overcome the recital in the deed that the required deposit was made when the application to purchase was filed, treating the recital as only *prima facie* proof that this require-

Opinion.

ment of the statute had been complied with. To annul a tax deed on such a ground would strongly tend towards frittering away the validity of such conveyances and to render them of little value in the enforcement of the payment of taxes and levies due the Commonwealth on real estate which are delinquent.

We are of opinion that no irregularity, either in the proceedings looking to the sale to the Commonwealth, or in the application to purchase from the Commonwealth, or in the deed itself, has been pointed out in this case, which is not cured by section 661 of the Code; therefore, the decree of the corporation court annulling and cancelling the deed to appellant is erroneous and will be reversed, and this court will enter the decree that the corporation court should have entered, dismissing appellee's bill, with costs to appellant.

*Reversed.*