## Wytheville.

### LOVELL AND OTHERS v. JAMISON AND OTHERS.

#### June 13, 1912.

1. TAX DEEDS—*Recitals—Presumption of Truth.*—The recitals in a deed
from the clerk of land purchased by the State for delinquent taxes
are to be taken as *prima facie* evidence of the truth of what is therein
stated. If these show a compliance with the law in such case made
and provided, the deed is sufficient, in the absence of evidence sufficient
to overcome such recitals.

2. APPEAL AND ERROR—*Jurisdiction of Trial Court—Lack of Equity.*—
Although there was no demurrer to a bill in the trial court, the lack
of jurisdiction of a court of equity, on account of want of equity, may
be relied on for the first time on appeal.

Appeal from a decree of the Circuit Court of Franklin county.
Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Dillard & Lee*, for the appellants.

*E. W. Saunders* and *L. W. Anderson*, for the appellees.

KEITH, P., delivered the opinion of the court.

The appellants, Lucy Lovell and others, are the children and
heirs at law of John Fountain Lovell, referred to in the record
as "Fount" Lovell, who was the owner of a tract of land delin-
quent for taxes in the year 1881, and purchased by the Common-
wealth at a tax sale in 1886. On the 15th of June, 1898, P. M.
Jamison filed an application with the clerk of the county for the
purchase of this tract, and a copy of the application was served
upon divers persons, and, among them, upon "Fount" Lovell.

Lovell died pending the proceedings, in December, 1898, and all the preliminaries having been complied with, on the 19th of December, 1899, the clerk of the county court of Franklin county conveyed the property in dispute to P. M. Jamison. The recitals of the deed, if true, show a compliance with the law in such case made and provided, and constitutes *prima facie* evidence of the truth of what is therein stated. See *Wright* v. *Carson*, 110 Va. 498, 66 S. E. 37.

In 1907 the heirs of "Fount" Lovell filed their bill, attacking this deed. Defendants answered, and the case was heard upon the bill, answer, exhibits, and depositions, and thereupon the circuit court entered the decree dismissing the bill for want of equity, and the case is before us upon appeal.

We find nothing in the record to overcome the *prima facie* case made on behalf of appellees by the deed executed by the clerk of the county court of Franklin county, already referred to.

The principal, if not the sole, reliance of appellants is upon the proposition that the land covered by the deed was never sold for taxes, and never purchased by the State, and, therefore, could not properly pass under the deed from the clerk of 1899. The evidence upon the subject of the identity of the land is somewhat obscure, but is sufficient, we think, to maintain the decree. A witness, J. W. Turner, for instance, a brother of "Fount" Lovell's wife, and an uncle, therefore, of the appellants, says: "I saw the advertisement (of the sale of the land), and let Mr. Lovell know about it." "Q. What did Mr. Lovell say to you about it?" "A. He said to let them sell it—that he had three years to redeem it in."

It seems sufficiently to appear from the proof that the land in controversy was delinquent for taxes in 1881, and that Lovell knew it was delinquent; that it was advertised in 1886 for sale for delinquent taxes; that it was sufficiently described by the treasurer's notice, and that Lovell knew it was his land that was being advertised; that it was sold for taxes under said advertisement; that Lovell knew of its sale, and that he was also advised of the application to purchase by P. M. Jamison, but took no steps to redeem it. The land seems to have been of little value, as there is evidence in the record tending to show that he sold it to George

E. Hundley for a wagon, received the wagon, but never made a deed for the land, and that he offered to sell it to Bowles for a yoke of oxen, worth $40 or $50.

It was suggested in argument, on behalf of appellees, that the decree of the circuit court which dismissed the bill for want of equity could be sustained upon the ground that a court of equity did not have jurisdiction to hear and determine the controversy.

The bill was filed to remove a cloud upon title. It is admitted that at the institution of the suit the land was in possession of appellees; so it is contended that the proper remedy would have been an action of ejectment; and that, while there was no demurrer to the bill, the want of jurisdiction may be relied upon in the first instance in this court; and the authorities seem to maintain that position. See *Boston Blower Co.* v. *Carman Lumber Co.*, 94 Va. 94, 26 S. E. 390; *Collins* v. *Sutton*, 94 Va. 127, 26 S. E. 415.

On behalf of appellants, on this point, the attention of the court is called to the fact that, after the institution of the suit, but before the decree was entered, the legislature passed an act giving courts of equity jurisdiction to entertain suits to remove clouds upon title by reason of a sale and conveyance for non-payment of taxes, although the complainant had been only the equitable owner of the land in question, and might have been out of possession when the suit was instituted.

In the view we take of the case it is unnecessary to pass upon the effect of the statute, for in any event we are of opinion that the decree of the circuit court must be affirmed.

*Affirmed.*