## 𝕽ichmond

DICKINSON, TRUSTEE, V. BOWLES AND OTHERS.

March 12, 1914.

Absent, Cardwell, J.

1. TAXATION—*Tax Deed—Recitals.*—The recitals in a tax deed from the clerk to the purchaser are *prima facie* correct, under the terms of the statute, and are to be accepted as true in the absence of any evidence to the contrary.

2. TAXATION—*Tax Deed—Annulment—Limitation.*—Under the provisions of section 661 of the Code no suit can be brought to set aside, cancel or annul a tax deed made according to the statute, except for fraud, unless it be brought within two years after such deed is duly admitted to record in the county or corporation where such real estate is situated. In the case at bar, there is neither averment nor proof of fraud, and the suit was not brought within the two years.

Appeal from a decree of the Circuit Court of Chesterfield county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*A. B. Dickinson,* for the appellant.

*John B. Gayle,* for the appellees.

KEITH, P., delivered the opinion of the court.

The appellant, Dickinson, is trustee in a certain deed by which there was conveyed to him a tract of land in Chesterfield county belonging to the estate of James A.

Wallen, deceased. Wallen it seems had purchased this land in a chancery suit pending on the docket of the Circuit Court of Chesterfield county, brought to subject it to the debts of one E. S. Gregory, who owned and occupied it. The land was directed to be sold under decree in this cause, and Wallen became the purchaser and a deed was directed to be made to him, but in point of fact no such deed was ever executed. The title to the land of record remained in E. S. Gregory. It became delinquent for taxes and was sold and purchased by the Commonwealth in 1892. In September, 1906, J. R. Bowles filed an application to purchase the land for the amount of the taxes due thereon, under the provisions of section 666 of the Code of Virginia. He gave notice to E. S. Gregory, the former owner and in whose name the land still stood upon the records, and caused a survey of the land to be made and reported to the circuit court, where the plat was examined and ordered to be recorded. Thereupon Bowles applied to the circuit court for a deed to the real estate, and paid to the clerk the amount of the taxes for which sale was made, together with such additional sums as would have accrued for taxes and levies, with interest on the amount for which the sale was made at six *per centum per annum* from the date of the sale and on the additional sums from the 15th day of December of the year in which the same would have accrued, and the costs and expenses of the application. Thereupon the clerk made and delivered a deed to the land, in which all of the necessary steps are recited, and this deed was acknowledged and duly admitted to record on the 20th of September, 1907; and the bill was filed by Dickinson, trustee, to have his deed annulled as constituting a cloud upon his title.

This suit was brought to the second July rules, 1911. Gregory, Bowles and one H. V. Goode, to whom Bowles

has sold the land, were made parties defendant, and each of them filed an answer denying all the allegations of the bill, and, in addition to their answer, Goode and Bowles filed a plea in which they asserted that if the complainant ever had any cause of action or any suit against them, which they in no wise admitted, such cause of action did not accrue within the two years next preceding the institution of the suit, and they claimed, therefore, the benefit of section 661, which provides that "no suit shall be brought to set aside, cancel, or annul such deed, except for fraud, as herein provided, unless within two years after the same is duly admitted to record in the county or corporation where such real estate is situated."

The recitals in the deed from the clerk to the purchaser are *prima facie* correct, under the terms of the statute, and are to be accepted as true in the absence of any evidence to the contrary. *Wright* v. *Carson,* 110 Va. 498, 66 S. E. 37; *Lovell* v. *Jamison,* 113 Va. 624, 75 S. E. 80.

There is neither averment nor proof of fraud, and therefore the defendants are entitled to the benefit of section 661 of the Code, and the suit not having been brought within two years after the deed from the clerk to Bowles was admitted to record, the bar of the statute applies.

Upon the whole case, there is no error in the decree of the circuit court, which is affirmed.

*Affirmed.*